962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sara P. JEFFERSON, Plaintiff-Appellant,
v.
David J. MILEUSNIC, Defendant-Appellee.
 No. 89-2090.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 11, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 On June 13, 1988, plaintiff Sara Jefferson filed a § 1983 claim against David Mileusnic, a Hammond, Indiana police officer, James Bobowski, Chief of the Hammond Police Department, and the City of Hammond, alleging that on June 13, 1986 she had been arrested without probable cause and that excessive force had been used to effect the arrest. The matter was tried to a jury beginning on May 11, 1989. On May 12, Jefferson voluntarily dismissed defendant Bobowski. At the close of plaintiff's case, the trial court granted the City's motion for a directed verdict; and, on May 15, 1989, the jury returned a verdict in favor of the sole remaining defendant, Officer Mileusnic. This appeal followed.
 
 
 3
 The only issue raised on appeal concerns the defendants' exercise of their peremptory challenges during jury selection. Jefferson, a black woman, contends that the defendants exercised their peremptory challenges to exclude blacks from the jury in violation of the equal protection clause and Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which prohibits the use of peremptory challenges in criminal cases to exclude potential jurors on the basis of their race. She asks this court to vacate the adverse judgment and remand this cause both for a Batson hearing and for retrial by a jury "selected without the taint of racial discrimination."
 
 
 4
 The defendants do not dispute the fact that the rule in Batson has been extended to civil cases, see Edmonson v. Leesville Concrete Co., Inc., --- U.S. ----, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991); Dunham v. Frank's Nursery & Crafts, Inc., 919 F.2d 1281 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2797, 115 L.Ed.2d 970 (1991), and that such authority existed at the time of the trial. See Fludd v. Dykes, 863 F.2d 822, 828 (11th Cir.), cert. denied, 493 U.S. 872 (1989). They contend, however, that Jefferson waived any challenge she may have had on appeal when she failed to object to the peremptory challenges at trial. Fed.R.Civ.P. 46. We agree.
 
 
 5
 Jefferson's challenges to the defendants' peremptory challenges were raised for the first time on appeal, and are therefore waived absent a showing of fundamental error. No such error can be found in the present case.
 
 
 6
 Fed.R.Civ.P. 46 requires a party to make clear to the trial court any objections it may have to the court's actions, and to state the grounds on which he or she bases the objection. A failure to raise a timely objection results in a waiver of the issue on appeal absent fundamental error. Michaels v. Michaels, 767 F.2d 1185, 1203 (7th Cir.1985), cert. denied, 474 U.S. 1057 (1986); Gonzales v. Volvo of America Corp., 752 F.2d 295, 298 (7th Cir.1985). No such error can be found in the present case.
 
 
 7
 Jefferson was represented by counsel throughout the trial and does not dispute the fact that her trial counsel failed to object to the defendants' peremptory challenges at the time they were made. Indeed, the issue was not raised before the district court until after judgment had been entered, and Jefferson had filed her notice of appeal challenging the defendants' use of their peremptory challenges. Both parties subsequently filed a motion to review the juror qualification forms. While the district court denied the parties access to those forms, it undertook its own review of the juror qualification questionnaires of the two potential jurors who had been dismissed as a result of the defendants' peremptory challenges. The court advised the parties that both had identified their race as white. Under the circumstances, we must decline Jefferson's invitation to deviate from the waiver rule.
 
 The judgment is accordingly
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation